IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VICTORIA CACCIATORE, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 1:21-cv-441 |
| NATIONWIDE HOTEL MANAGEMENT COMPANY, LLC, | § § § § | |
| Defendant. | § | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Victoria Cacciatore ("Cacciatore" or "Plaintiff"), Plaintiff in the above-styled and numbered cause, and files this Plaintiff's Original Complaint, complaining of Nationwide Hotel Management Company, LLC ("Nationwide" or "Defendant"), and for cause of action, would show as follows:

### I. INTRODUCTION

1. This action seeks back pay, front pay, equitable relief, compensatory and punitive damages, liquidated damages, attorneys' fees, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest for sex and disability discrimination and retaliation suffered by Cacciatore in the course of her employment with Defendant. Cacciatore complains that she was discriminated against regarding the terms and conditions of her employment because of her sex and disability, and that she was retaliated against after she brought those concerns to the attention of Defendant.

2. This action also seeks unpaid overtime compensation, an equal amount in liquidated damages, attorneys' fees, and costs/expenses under the Fair Labor Standards Act.

Specifically, Cacciatore complains that she routinely worked in excess of 40 hours in a work week with the knowledge of Defendant, yet Defendant failed to pay her overtime compensation for those hours worked.

3. Cacciatore demands a jury on all issues triable to a jury.

## II. PARTIES

4. Plaintiff Cacciatore is a citizen of the United States.

5. Defendant is a foreign limited liability company doing business in Austin, Texas. Defendant may be served with process through its registered agent, Cogency Global Inc., at 1601 Elm Street, Suite 4360, Dallas, Texas 75201, or wherever the registered agent may be found.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-1, *et seq.*, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a; the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.* ("ADAAA"); and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). The amount in controversy is within the jurisdictional limits of this Court.

7. Cacciatore's claim under the FLSA arises under Section 216(b) of the FLSA. 29 U.S.C. § 216(b). In connection with the acts and course of conduct alleged in this Complaint, Cacciatore engaged in commerce or in the production of goods for commerce. Further, Defendant is an employer that engaged in commerce or in the production of goods for commerce and is, therefore, covered by the FLSA. Additionally, upon information and belief, Defendant had annual gross revenues or business done of at least $500,000 during the period of time for which Cacciatore seeks recovery of damages, which period is three (3) years prior to the filing of this lawsuit.

8. The unlawful employment practices were committed within the jurisdiction of the United States District Court for the Western District of Texas–Austin Division, as the entirety of the acts and conduct charged herein occurred in this district.

9. This Court has jurisdiction over all claims in this action. The amount in controversy is within the jurisdictional limits of this Court.

### IV. PROCEDURAL REQUISITES

10. Cacciatore filed a Charge of Discrimination ("Charge") against Defendant under Charge Number 460-2018-04238 with the Equal Employment Opportunity Commission ("EEOC") on January 2, 2021.

11. On February 17, 2021, the EEOC issued a Notice of Right to Sue letter ("Right to Sue"), entitling Cacciatore to file an action in this Court. The filing of this lawsuit has been accomplished within ninety (90) days of Cacciatore's receipt of the Right to Sue.

12. All conditions precedent to filing this cause of action have been met.

### V. FACTS

13. Cacciatore, a Caucasian female, began her employment with Defendant in the position of Night Guest Service Representative on or about September 9, 2019, in Austin, Texas.

14. In or about October 2019, Cacciatore's immediate supervisor, Jermaine Banks ("Banks"), Manager, a Black male, began sexually harassing her. Specifically, Banks' inappropriate and unwelcome behavior included, but was not limited to, the following: telling Cacciatore that they should begin dating; telling her graphic details about his sex life; sharing that certain women were "pretty" and "hot"; touching her shoulders, arms, and legs; hugging her; attempting to kiss her; kissing her; asking her if she was sure that her then-boyfriend, Jeff, was really the one she wanted; and telling her that he allowed her to continue to work for the company "because [she] like[d] dark chocolate."

15. On one occasion, Banks removed a Nationwide t-shirt that belonged to him from his gym bag and handed it to Cacciatore. He instructed her to wear it, informing her that it would be "tight across [her] breasts," and that "[she] had the second best breasts, behind Taylor [another employee]," and that "the guests will like it."

16. Additionally, Banks inappropriately touched other employees (in particular, two different housekeepers), as well as female hotel guests. Banks also made sexually suggestive remarks to female hotel guests.

17. On or about the evening of November 25, 2019, while on the job, Cacciatore tripped on a curb in the unlit hotel parking lot and broke her right foot. On or about the same date, Cacciatore informed Banks that she had been injured. Banks responded by telling Cacciatore that she could not file a workers' compensation claim because Defendant was allegedly not a workers' compensation subscriber. Cacciatore later found out that Defendant was indeed a workers' compensation subscriber.

18. In the weeks that followed, Cacciatore's injury worsened and continued to cause her extreme pain, necessitating follow-up visits to both the emergency room and office visits to doctors. Cacciatore kept Banks updated as to the status of her injury and recovery, including putting him on notice that she might have to take some doctor-ordered time off work because of her injury. Banks responded to Cacciatore's updates in an irritated manner, taking issue with the fact that her injury may have required some time off and asking who was going to cover her shifts.

19. On December 31, 2019, Cacciatore sent an email to Ray Borman ("Borman"), a representative of Defendant, asking why a representative of Human Resources had not yet contacted her about her broken foot, notwithstanding the fact that Borman had informed her weeks earlier that a representative from Human Resources would be contacting her within 24 hours of the incident in which Cacciatore was injured. Cacciatore further complained in that same email

about the treatment she was receiving as a result of her injury.

20. In a separate email on December 31, 2019, Cacciatore asked Borman for a copy of the company's "sexual harassment and touching policy between Managers and employees." Neither Borman nor anyone from Human Resources responded to Cacciatore's request for a copy of Defendant's sexual harassment policy.

21. On January 6, 2020, Cacciatore sent an email to Gina Walker ("Walker"), Human Resources Manager, asking, among other things, for her to send Cacciatore "the company's sexual harassment and discrimination policy as to what is acceptable for Managers to do to their employees." Later that same date, Cacciatore and Walker spoke by telephone. During that phone conversation, Cacciatore complained about a number of issues concerning Banks, including, but not limited to, sexual harassment she had experienced at the hands of Banks, as well as how she had been retaliated against by Banks since suffering her on-the-job injury on or about November 25, 2019. Cacciatore sent Walker a follow-up email on January 7, 2020, along with text messages in support of some of Cacciatore's complaints.

22. On or about January 15, 2020, Cacciatore's podiatrist, Dr. Ryan Shock, imposed certain restrictions on her ability to work, including a maximum number of 4 hours standing, 8 hours sitting, and 4 hours walking. On or about January 28, 2020, Dr. Shock placed Cacciatore in a fracture boot and imposed the work restriction of no standing more than 5 minutes per hour for the next 6 weeks. Dr. Shook also prescribed a knee scooter.

23. After reporting issues of sexual harassment, disability discrimination, and retaliation, Banks/Defendant began issuing written reprimands to Cacciatore. On February 27, 2020, Dr. Shock removed Cacciatore from work until further notice due to extreme pain she was experiencing. Cacciatore communicated that medical update to Defendant on that same date. On the following day, February 28, 2020, Cacciatore received a Final Written Warning from

5

Banks/Defendant.

24. On March 9, 2020, Defendant terminated Cacciatore's employment.

25. Additionally, prior to her termination, in Cacciatore's position of Night Guest Service Representative, she regularly worked in excess of 40 hours per week during her employment with Defendant, and Defendant was aware that Cacciatore was performing such compensable work—and that such work was performed "off the clock." Defendant had knowledge of Cacciatore performing such work off the clock because Banks often directed Cacciatore to perform such work. Additionally, Cacciatore brought to the attention of Defendant's management multiple times that she had been required to perform work off the clock and had not been compensated for it. However, Defendant failed and refused to pay Cacciatore for the hours she worked in excess of 40 hours in a given work week, including those off-the-clock hours she spent performing work on behalf of Defendant.

## VI. SEX DISCRIMINATION UNDER TITLE VII

26. Each and every allegation contained in the foregoing paragraphs is realleged as if fully set forth herein.

27. Defendant intentionally discriminated against Cacciatore because of her sex when Banks made inappropriate, sexual comments to Cacciatore; when Banks touched Cacciatore inappropriately; and when Defendant terminated Cacciatore's employment.

28. Defendant acted with malice or, in the alternative, with reckless indifference to the federally protected rights of Cacciatore.

## VII. DISABILITY DISCRIMINATION UNDER THE ADAAA

29. Cacciatore incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

30. Defendant discriminated against Cacciatore in violation of the ADAAA.

6

31. Cacciatore was subjected to different terms and conditions of employment and was ultimately terminated by Defendant because of her disability, as that term is defined under the ADAAA.

32. Defendant perceived or regarded Cacciatore as being disabled, even though she could perform the essential functions of her job, with or without reasonable accommodation.

33. Defendant's termination of Cacciatore's employment and subjecting Cacciatore to different terms and conditions of employment constitute disability discrimination under the ADAAA, 42 U.S.C. § 12101, *et seq.*

34. As a result of Defendant's discriminatory actions, Cacciatore has suffered lost wages in the past and future, loss of future earning capacity, emotional pain and suffering, and mental anguish, all of which were caused by Defendant's treatment of Cacciatore. In all probability, Cacciatore will continue to suffer such damages in the future.

35. Further, Defendant acted with malice or, in the alternative, with reckless indifference to the federally protected rights of the Cacciatore.

### VIII. RETALIATION UNDER TITLE VII

36. Each and every allegation contained in the foregoing paragraphs is realleged as if fully set forth herein.

37. Defendant retaliated against Cacciatore in violation of Title VII.

38. Cacciatore engaged in conduct protected under the Title VII. Specifically, when Cacciatore put Defendant on notice of Banks' inappropriate conduct towards her and other females, Cacciatore engaged in protected conduct under the Title VII.

39. Cacciatore was subjected to an adverse employment action following her engagement in protected conduct. Specifically, Defendant terminated Cacciatore.

40. There was a causal link between the protected conduct and the adverse employment

actions.

## IX.   RETALIATION UNDER THE ADAAA

41. Each and every allegation contained in the foregoing paragraphs is realleged as if fully set forth herein.

42. Defendant retaliated against Cacciatore in violation of the ADAAA.

43. Cacciatore engaged in conduct protected under the ADAAA. Specifically, when Cacciatore put Defendant on notice of her on-the-job injury and the medical condition that stemmed from that injury, and when she requested a reasonable accommodation under the ADAAA for that injury, Cacciatore engaged in protected conduct under the ADAAA.

44. Cacciatore was subjected to an adverse employment action following her engagement in protected conduct. Specifically, Defendant terminated Cacciatore.

45. There was a causal link between the protected conduct and the adverse employment actions.

## X.   VIOLATION OF THE FLSA

46. Cacciatore incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

47. Defendant had a statutory obligation to pay Cacciatore overtime for all hours she worked in excess of 40 during a work week. In her position of Night Guest Service Representative, Cacciatore regularly worked in excess of 40 hours per week during her employment with Defendant, and Defendant was aware that Cacciatore was performing such compensable work—and that such work was performed "off the clock." However, Defendant failed and refused to pay Cacciatore for the hours she worked in excess of 40 hours in a given work week, including those off-the-clock hours she spent performing work on behalf of Defendant. Accordingly, Cacciatore

is entitled to overtime compensation at the appropriate overtime rate for all hours she worked in excess of 40 in a given work week.

48. Cacciatore is also entitled to an amount equal to her unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs/expenses of this action. 29 U.S.C. § 216(b).

## XI. JURY DEMAND

49. Cacciatore requests a trial by jury on issues triable by a jury in this case.

## XII. PRAYER

WHEREFORE, Plaintiff Victoria Cacciatore respectfully prays that upon final trial hereof, this Court grant her the following:

**Under Title VII:**

Appropriate back pay, including, but not limited to, Cacciatore's annual compensation (inclusive of the amount she should have been paid for overtime), bonuses, and benefits; reinstatement, or if reinstatement is deemed not feasible, front pay, including her annual compensation (inclusive of the amount she should have been paid for overtime), bonuses, and benefits; mental anguish and emotional distress in the past and the future; compensatory damages; punitive damages as allowed by law; reasonable attorneys' fees both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; pre-judgment and post-judgment interest as allowed by law; taxable court costs; and any such additional and further relief that this Court may deem just and proper.

**Under the ADAAA:**

Appropriate back pay, including, but not limited to, Cacciatore's annual compensation (inclusive of the amount she should have been paid for overtime), bonuses, and benefits; reinstatement, or if reinstatement is deemed not feasible, front pay, including her annual

compensation (inclusive of the amount she should have been paid for overtime), bonuses, and benefits; mental anguish and emotional distress in the past and the future; compensatory damages; liquidated damages; punitive damages as allowed by law; reasonable attorneys' fees both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; pre-judgment and post-judgment interest as allowed by law; taxable court costs; and any such additional and further relief that this Court may deem just and proper.

**Under the FLSA:**

Overtime wages for all unpaid hours worked in excess of 40 hours per work week at the appropriate overtime rate; an equal amount as liquidated damages; an injunction against further violations; reasonable attorneys' fees both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; post-judgment interest as allowed by law; taxable court costs and expenses of this action; and such other and further relief that this Court may deem just and proper.

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By: */s/ Daryl J. Sinkule*
DARYL J. SINKULE
State Bar No. 24037502
Southern District ID No. 34842
Kilgore Law Center
3109 Carlisle Street
Dallas, Texas 75204-1194
Telephone: (214) 969-9099
Facsimile: (214) 379-0843

**ATTORNEYS FOR PLAINTIFF
VICTORIA CACCIATORE**